IN THE UNITED DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CASE NO. 1:22-cv-94-MR

JOHNATHAN A. FULLER
    Plaintiff,

VS.

MIKE SLAGLE, EDDIE M. BUFFALOE,
    TIMOTHY D. MOOSE, TODD E. ISHEE,
    LARRY WILLIAMSON,
    individually and in their official capacities,
        Defendants.

FILED
ASHEVILLE, NC
MAY 13 2022
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

## I. INTRODUCTION

1. Plaintiff a Pro Se litigate bring this action to enjoin defendants improper cruel and unusual punishment at Mountain View Correctional Institution which is operated by the North Carolina Department of Public Safety ("NCDPS").

2. Defendants have adopted and implemented Facility lockdown Practices Prohibiting access to the courts, telephone, mental

and physical health treatment, recreation, canteen, religious exercise, and over-all a safe environment and humane conditions, which has caused me fear for my life. ~~conditions attention~~ while failing to provide due process — namely, an opportunity to challenge all of these conditions collectively. Defendants' actions violate Plaintiff rights under "it's" own policies and the First, Fifth, Eighth, and the Fourteenth Amendments of the United States Constitution. Plaintiff thus brings this action, pursuant to 42 U.S.C. § 1983, seeking injunctive and declaratory relief and damages to be proven at trial.

II. JURISDICTION AND VENUE

This action arises under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the laws of the United States. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. This court has jurisdiction over claims seeking declaratory, injunctive, and monetary relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil

Procedure, as well as claims for nominal and compensatory damages against all Defendants. Venue is proper in this District Pursuant to 28 U.S.C. § 1391(b). On information and belief, at least one Defendant resides within this Judicial district, and many of the events giving rise to the claims asserted herein occurred within this Judicial district. On information and belief, all Defendants are residents of the state of North Carolina.

III. PARTIES

The Plaintiff is a Pro Se litigant. who is currently under a lockdown order while being held at mountain View Correctional Institution in spruce Pine North Carolina.

Defendant(s) Mike Slagle on information and belief, serve as superintendent for Mountain View Correctional Institution durning the relevant time period. In his role as the superintendent he oversaw the Prison, serving as the final approval authority. But when he neglected NCDPS Policies and implemented his own, he violated the Constitution of the UNITED STATES. As to all claims Presented herein against him, Defendant Slagle is being sued in his official

capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. At all relevant times, Defendant Slagle has acted under color of state law.

2. Eddie M. Buffaloe on information and belief, was Secretary of NCDPS from January 26, 2022-current. During his time as Secretary, Defendant Buffaloe had ultimate responsibility for the promulgation and implementation of NCDPS Policies, Procedures, and Practices for the management of NCDPS. As to all claims presented herein against him. Defendant Buffaloe is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. At all relevant times, Defendant Buffaloe has acted under color of state law.

3. Timothy D. Moose on information and belief, has served as the Chief Deputy Secretary of the Division of Adult Correction and Juvenile Justice within NCDPS since June 2019. In this role, Defendant Moose oversees the agencies and Personnel responsible for supervising NCDPS Facilities, and thus has responsibility for the implementation of NCDPS Policies, Procedures, and Practices. As to all

claims presented herein against him, Defendant Moose is being sued in his official capacity for injunctive and declaratory relief, and his individual capacity for damages and for injunctive and declaratory relief. At all relevant times, Defendant Moose acted under color of state law.

4. Todd E. Ishee on information and belief, was Director/Commissioner of NCDPS durning all relevant times, and is role as Director of NCDPS is to manage the Prisons and staff of them. He is also responsible for investigating claims of misconduct by staff that include violation of Policies, Procedures, and Practices. As to all claims presented herein against him, Defendant Ishee is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. At all relevant times, Defendant Ishee has acted under color of state law.

5. Larry Williamsom on information and belief, was regional Director for Mountain View Correctional Institution durning all relevant times of events related to this claim. As regional Director of the western region of NCDPS, his duty is to supervise all of the prisons in that region how he see fit, which include enforcing

the Director's instructions. As to all claims presented herein against him, Defendant Williamson is being sued in his official capacity for injunctive and declaratory relief, and in his individual capacity for damages and for injunctive and declaratory relief. At all relevant times, Defendant Williamson has acted under color of state law.

## IV. Factual Allegations

On or around 1-26-2022 Mountain View Correctional Institution general population went on lockdown. Access from everything and inbetween recreation and the use of the telephone became non-existing. For the next month I was only allowed one-hour out-of-cell time, to either refine myself or call my family. Also durning this month, all my request to the mental health staff and the chaplin office for counseling received no response. No one from either of these departments or medical made a single round to check my state of welfare. In which, (not only by policy, or policies of the North Carolina department of Public Safety (NCDPS), but under the American Disability Act (ADA) in which I am under, and the eighth amendment of the United State constitution) I am entitled to. Which violate duty of care and my right against cruel and unusual

Punishment. At the filing of this lawsuit, this lockdown period has extended three months. Failing to provide mental health assessment, rehabilitative programming, insufficient health care, and ultimately sufficient out-of-cell time causing me psychological effect and more disabilities. NCDPS and the staff within has greatly infringed rights guareented by the U.S. constitution through their actions in this matter: Official oppression.

count I

Violation of the Eighth (cruel and unusual Punishment)
42 U.S.C. § 1983

The acts described in this complaint violate rights under the eighth amendment of the united state constitution. Plaintiff has a constitutionally protected liberty interest against this clearly established under existing case law. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice and with deliberate indifference to the rights of others. Plaintiff injuries and the violations of my rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations. Defendants acts described above have caused damages to Plaintiff and if not enjoined, will continue to cause damage to Plaintiff. Plaintiff

Document 1 Filed 5-11-2022          Page 7 of 10

seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

Count II

Violation of the Fourteenth Amendment (Due Process)

42 U.S.C. § 1983

The acts described above constitute violations of Plaintiff rights under the Fourteenth Amendment to the United States constitution. Because Plaintiff has a liberty interest in life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Defendants' policies and practices fail to provide Plaintiff with such protection. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others. Plaintiff injuries and the violations of his constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations. Plaintiff seeks declaratory and injunctive relief against NCDPS, and declaratory and

injunctive relief and nominal and compensatory damages against all remaining Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests Judgement against Defendants, Jointly and Severally, for the Following:

A. A declaration that Defendants' Policies and Practices violate the constitution;

B. A Preliminary and Permanent injunction preventing Defendants from continuing to violate the constitution, and providing other equitable relief;

C. Nominal damages for each violation of Plaintiff rights by the Defendants;

D. Compensatory damages in an amount to be proven at trial;

E. Punitive damages against the individual Defendants in an amount to be proven at trial;

F. An award of full costs and attorneys' fees arising out of this litigation, under 42 U.S.C. § 1983 and other applicable law;

G. Health care rights in several areas: staffing; Restrictive and modified housing; record coding; referrals to higher levels of care; confidentiality; treatment teams and plans; Psychiatric, Psychological, and therapeutic care; and suicide prevention.

H. Any other further relief this court may deem just and appropriate.

Demand For Jury

Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Respectfully submitted,
JOHNATHAN A. FULLER

# North Carolina Department of Public Safety
## Division of Adult Correction
## Inmate Grievance Resolution Board
4207 MAIL SERVICE CENTER, RALEIGH, NC 27699-4207

State of North Carolina
Roy Cooper
Governor

Kimberly D. Grande
Executive Director

Members
David W. Addison, Esq.
Robert E. Campbell, Esq.
Phyllis S. Leary
Travis F. Ellis, Esq.
Carlton B. Joyner

**Step Three - Administrative Remedy Response**

| | | | |
|---|---|---|---|
| Inmate: | FULLER,JOHNATHAN A | Tracking No: | 0000537463 |
| Inmate #: | 0620012 | Unit Grievance No: | 4855-2022-HPOD--00304 |
| Location: | 4855-MOUNTAIN VIEW CI - EPOD-119 Courier # 12-69-01 | Date Received: | 04/21/2022 |

Grievance Examiner: Findings and Disposition Order

This examiner has reviewed this grievance and the responses by facility staff given in the Step 1 and/or Step 2. My review of these responses reveals that prison staff has taken appropriate action to address and resolve the offender's concerns voiced in the grievance. Both the Division and Region Management has approved the modified schedule. This is in place as a safety precaution for Staff and Offenders. Facilities will continue to operate with modified movement in place and will return to normal movement when they receive direction to do so. Offenders are given several opportunities throughout the day to access the dayroom, canteen, phone, shower, and yard when the weather allows.

Additionally, Staff will continue to monitor the Offender population for any mental health issues that may arise. Staff will make referrals to Mental Health as needed. You can also advise staff if you feel that you need to access Mental Health services.

The offender has been appropriately advised regarding the concerns by prison staff. The grievance is considered resolved by prison staff and is, therefore, dismissed.

| | |
|---|---|
| 05/04/2022 | DELLARIPA, ANGELA M |
| Date | Inmate Grievance Examiner Electronic Signature |

cc: CTS