IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00094-MR

| | |
|---|---|
| JOHNATHAN A. FULLER, | ) |
| Plaintiff, | ) |
| vs. | ) |
| MIKE SLAGLE, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI), where he is presently incarcerated. [Doc. 1]. He names as Defendants: Mike Slagle, the MVCI superintendent; Eddie M. Buffaloe, the North Carolina Department of Public Safety (NCDPS) secretary; Timothy D. Moose, the chief deputy secretary of division of adult correction and juvenile justice; Todd Ishee, the NCDPS director/commissioner; and Larry Williamson, the MVCI regional director. He claims that the Defendants adopted and implemented a policy that imposed

inhumane conditions of confinement in violation of his First, Eighth, and Fourteenth Amendment rights, the Americans With Disabilities Act (ADA) and NCDPS policy.¹ [Id. at 1-2, 6]. He claims that he is "under the … ADA" and that the Defendants' policies and procedures caused him "psychological effect[s]," "more disabilities," and "injuries." [Id. at 7-8]. The Plaintiff seeks a declaratory judgment; injunctive relief; nominal, compensatory, and punitive damages; costs and attorney's fees;² a jury trial; and all other further relief the Court deems just and appropriate. [Id. at 9-10].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

---

¹ While the Plaintiff also cites the Fifth Amendment, he has sued only state actors. See United States v. Al-Hamdi, 356 F.3d 564, 573 N.11 (4th Cir. 2004) (the Fourteenth Amendment applies to state actors, while actions of the federal government are reviewed under the Fifth Amendment). Accordingly, his citation to the Fifth Amendment is liberally construed as seeking relief under the Fourteenth Amendment's Due Process Clause.

² It is unclear why the Plaintiff is seeking attorney's fees, as he is proceeding pro se.

2

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

As a preliminary matter, the Complaint contains allegations against individuals who are not named as defendants in the caption as required by the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 6 ("mental health staff," "chaplin [sic] office," "medical")]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Perez v. Humphries, No. 3:18-cv-107-

3

GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as defendants are therefore dismissed without prejudice.

### B. Conditions of Confinement

The Plaintiff appears to claim that the Defendants adopted and implemented a facility lockdown policy that "prohibit[ed] access to the courts, telephone, mental and physical health treatment, recreation, canteen, religious exercise, and over-all a safe environment and humane conditions; which has caused [Plaintiff to] fear for [his] life." [Doc. 1 at 1-2, 6].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

4

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component (that the harm inflicted was sufficiently serious) and a subjective component (that the prison official acted with a sufficiently culpable state of mind). Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, the Plaintiff's allegations are too vague and conclusory to state an Eighth Amendment violation. The conditions that the Plaintiff has identified are not objectively serious enough, and he has failed to adequately allege that any Defendant knew of, and was deliberately indifferent to, a substantial risk of serious harm. Moreover, his allusions to "psychological effect[s]," "more disabilities," and "injuries" are too vague and conclusory to plausibly demonstrate that he suffered any serious or significant mental or

5

emotional injury as a result of the policy at issue. [Id. at 7-8]. Accordingly, the Plaintiff's Eighth Amendment claim regarding the conditions of his confinement is dismissed without prejudice.

### C. Deliberate Indifference to a Serious Medical Need

The Plaintiff alleges that his requests for counseling received no response and he received no "welfare" rounds for a month [Doc. 1 at 6]; and that he is being deprived of a "mental health assessment" and "sufficient health care" [id. at 7].

Prisoners have the right to receive adequate medical care while incarcerated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). This constitutional right is violated when a prison official demonstrates "deliberate indifference" to an inmate's serious medical or psychological needs. Id.; Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990) ("A serious psychological impairment can qualify as [a serious] medical need."). To state a § 1983 claim for deliberate indifference to a serious medical need, a prisoner must show that he has a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); see Farmer, 511 U.S. at 832.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola, 884 F.3d at 846. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Mere negligence or malpractice does not violate the Eighth Amendment. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

The Plaintiff has failed to state a claim for deliberate indifference to a serious medical or psychological need. His vague references to "disabilities" and "psychological effects" fail to demonstrate the existence of any serious medical or mental health need. Further, he does not plausibly allege that any Defendant was aware of, and was deliberately indifferent to, such a need. Therefore, the Plaintiff's claim for deliberate indifference to a serious medical or psychological need is dismissed without prejudice.

### D. ADA

The Plaintiff appears to claim that the lack of welfare rounds for a month and the denial of "rehabilitative programming" violated the ADA. [Doc. 1 at 6-7].

Under Title II of the ADA, "no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. To establish a prima facie case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Miller v. Hinton, 288 Fed. App'x 901, 902 (4th Cir. 2008) (citations omitted). The ADA defines the term "disability" broadly to include "a physical or mental impairment that substantially limits one or more major life activities of such individual." Williams v. Kincaid, No. 21-2030, 2022 WL 3364824 (4th Cir. Aug. 16, 2022); 42 U.S.C. § 12102(1)(A). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131(2).

The Plaintiff has failed to identify any disability that would entitle him to protection under the ADA, and his vague references to welfare rounds and programming fail to demonstrate that he was deprived of a benefit because of a disability. Accordingly, to the extent that the Plaintiff is asserting claims for ADA violations, they are dismissed without prejudice.

**E.   Due Process**

The Plaintiff claims that the Defendants have violated his due process rights as follows: "Because Plaintiff has a liberty interest in life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of laws. Defendants' policies and practices fail to provide Plaintiff with such protection…." [Doc. 1 at 8].

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

9

Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

The Plaintiff has failed to adequately allege that he had any liberty interest in avoiding the conditions of which he presently complains, or that any Defendant failed to provide him with any required process. See Prieto v. Clarke, 780 F.3d 245, 251 (4th Cir. 2015) ("harsh and atypical confinement conditions in and of themselves [do not] give rise to a liberty interest in their avoidance"). Therefore, the Plaintiff's due process claim is dismissed without prejudice.

### F. NCDPS Policy

The Plaintiff claims that the lack of welfare rounds violated NCDPS policy [Doc. 1 at 6]; that Defendant Slagle "neglected NCDPS policies and implemented his own [policies]" [id. at 3-4]; that Defendant Ishee failed to properly investigate claims of staff misconduct, including the violation of policies and procedures [id. at 5]; that Defendants Buffaloe and Moose failed to properly promulgate and implement NCDPS policy [id. at 4]; and that

Defendant Williams failed to adequately supervise MVCI and enforce Defendant Ishee's instructions [Id. at 5-6].

The Plaintiff's allegations that the Defendants violated prison policies do not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). He has failed to do so here for the reasons discussed *supra*. Therefore, the Plaintiff's claims relating to the alleged violation, implementation, enforcement, and investigation of prison policy, standing alone, are dismissed.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will

11

not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.** Signed: September 7, 2022

Martin Reidinger
Chief United States District Judge