IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00094-MR

| | |
|---|---|
| JOHNATHAN A. FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MIKE SLAGLE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution (MVCI), where he is presently incarcerated. [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 8]. The Amended Complaint is now before the Court for initial review. [Doc. 9].

The Plaintiff again names Mike Slagle, Eddie M. Buffaloe, Timothy D. Moose, Todd Ishee, and Larry Williamson as Defendants. [Doc. 9 at 2-3,

12]. He claims: "[d]enial of religious service, medical neglect, cruel and unusual punishment, due process of law and equal protection." [Id. at 3]. He describes his injury as follows:

> A decline in physical health. Continuous issues with stomach, bowel movements/ constipation, feet and back pain, dry skin, depression, anxiety, mental anguish, received no medical treatment or subpar medical treatment: seen nurse, but have been waiting to see provider for months….

[Id. at 5]. He seeks a declaratory judgment; injunctive relief; nominal, compensatory, and punitive damages; and "all legal fees…." [Id. at 5].

He has attached to the Amended Complaint a grievance complaining about the conditions of his confinement [Doc. 9-1 at 2-5] and a copy of the Court's Order on initial review, to which he has added handwritten notations [id. at 6-17].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

2

Case 1:22-cv-00094-MR   Document 10   Filed 10/28/22   Page 2 of 11

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Parties

The body of the Amended Complaint appears to refer to individuals other than the Defendants. [See, e.g., "staff," "nurse"]; see Fed. R. Civ. P. 10(a) (requiring defendants to be named in the caption); Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against

3

individuals not named as defendants in the caption as required by Rule 10(a)). The allegations directed at non-parties are dismissed

The Plaintiff relies on pronouns and vague terms rather than identifying the individual(s) involved in each allegation.[1] [See Doc. 9 at 5 ("staff")]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Plaintiff also claims that the hours during which visitors are allowed is not appropriate for "the whole of this prison population." [Doc. 9-1 at 3]. To the extent that the Plaintiff is attempting to assert a claim on behalf of other inmates, he is not qualified to do so. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court The right to litigate for

---

[1] These claims are also nullities to the extent that they refer to non-parties as discussed *supra*.

oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of other inmates, they are dismissed.

### B. Conditions of Confinement

The Plaintiff claims that the Defendants approved a facility lockdown policy in January 2022 that "placed a burden on everyday prison life physically, mentally and emotionally…." [Doc. 9 at 5]. He claims that he is unable to reach his relatives at the times when phone calls are available [id. at 2-3], and that visitation and religious service are being restricted and delayed [id. at 5].[2] He claims that the Defendants "know their actions are excessive to the health of others [but they] disregard humane treatment," and that his physical and mental health have "decline[d]…" such that he has become "extremely suicidal." [Id. at 5, 13].

---

[2] The Plaintiff's claims related to his medical and psychological needs will be addressed in Section C, *infra*.

The Plaintiff has again failed to identify any condition of confinement that is objectively serious enough to state an Eighth Amendment claim, as discussed in the Order on initial review of the Complaint. [Doc. 8 at 5-6]. The present claim is dismissed for the same reasons.

### C. Deliberate Indifference to Serious Medical or Psychological Need

The Plaintiff's claim for "medical neglect" is liberally construed as a claim for deliberate indifference to a serious medical or psychological need. [Doc. 9 at 3]. The Plaintiff claims that he suffers from depression, anxiety, and "other physical health issues" [Doc. 9-1 at 5]; that he received "no medical treatment or subpar medical treatment" [Doc. 9 at 5]; that he has seen a nurse but has not seen a medical provider for "months" [id.]; that the prison does not have a doctor or mental health staff [id.]; that his "physical refinement, medical treatment, [and] mental health treatment" have been "hindered" [id. at 13]; that his "mental health is not being evaluated" [Doc. 9-1 at 4]; and that the Defendants "know of these psychological effects but ha[ve] failed to assist Plaintiff in obtaining treatment" and, instead, have placed him in segregation for "mental health related incidents; to suffer more" [Doc. 9 at 13]. The Plaintiff claims that this has caused "a decline in physical health, continuous issues with stomach, bowel movements/constipation, feet

and back pain, dry skin, depression, anxiety, mental anguish…," and he has become "extremely suicidal." [Id. at 5, 13].

The Plaintiff's vague reference to "physical health issues" is insufficient to plausibly demonstrate the existence of a serious medical need. Assuming arguendo that his depression and anxiety constitute serious psychological needs, he has failed to state a deliberate indifference claim. He has not plausibly alleged that any of the Defendants—all of whom are non-medical administrative supervisors—were aware of, and were deliberately indifferent to, a serious psychological need. He has not adequately alleged that they failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were deliberately indifferent to prison physicians' misconduct. See generally Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). His apparent reliance on respondeat superior is insufficient. See generally Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978) (Section 1983 liability cannot be based on respondeat superior alone). Therefore, the Plaintiff's claims of deliberate indifference to a serious medical or psychological need are dismissed.

**D. Due Process**

The Plaintiff again asserts a due process claim. [Doc. 9 at 3]. He has failed to state a claim for the reasons discussed in the Order on initial review of the Complaint, and it is again dismissed for the same reasons. [Doc. 8 at 9-10].

**E. Equal Protection**

The Plaintiff purports to state a claim for the denial of "equal protection." [Doc. 9 at 3].

To establish an equal protection violation, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

Here, the Plaintiff has not set forth any facts in support of an equal protection claim and no such claim can be gleaned from a liberal construction of the allegations. His bald reference to "equal protection" fails to comply with the most basic pleading requirements. See Fed. R. Civ. P. 8(a) ("A

pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief…."); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a plaintiff must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff has failed to state an equal protection claim against any Defendant, and accordingly, this claim is dismissed.

**F.     Religious Exercise**

The Plaintiff attempts to state a claim for the "denial of religious service." [Doc. 9 at 3]. He claims that "religious service" has been "restricted" and "hindered" since the January 2022 lockdown went into effect. [Id. at 5, 13].

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and that the official action or regulation substantially burdened his exercise of that belief. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Here, the Plaintiff fails to allege that he has a sincere religious belief or that the Defendants have substantially burdened such a belief. His bare assertion that religious services have been hindered is insufficient to state a First Amendment claim. See Dickson, 309 F.3d at 201-02. Accordingly, the Plaintiff's religious exercise claim is dismissed.

## IV. CONCLUSION

This action is dismissed without further leave to amend, as the Plaintiff was previously granted to opportunity to amend and is unable to state a claim. See generally United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018) (where a district court has already afforded a plaintiff the opportunity to amend, it has the discretion to afford him another opportunity to amend, or dismiss the complaint with prejudice); Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020) (same).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge